Manuel Betances, Plaintiff and Appellee, *v.* Transportation Authority and Great American Indemnity Co., Defendants and Appellants.

No. 10471. Argued November 9, 1951.—Decided March 18, 1952.

R. *Rivera Zayas*, G. *Rivera Cestero*, and *Milton F. Rúa*, for appellants. *Carlos D. Vázquez* and *Diego Guerrero Noble* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

This is an action for damages where the facts as to the capacity of plaintiff to sue in representation of the conjugal partnership, as to how the accident occurred and as to the negligence on the part of the employee of codefendant Transportation Authority, who conducted the vehicle which caused the damages to plaintiff's wife, are not in controversy for they were accepted by defendants at the commencement of the trial. The controversy was limited therefore, to the nature and consequence of the injuries received by plaintiff's wife and to the amount of damages. The court *a quo*, sustained the complaint and rendered judgment ordering defendants to pay the amount of $5,000 plus costs and $350 attorney's fees to plaintiff, the liability of the Great American Indemnity Co., being limited to the amount of $5,000. Feeling aggrieved, defendants appealed and allege that the lower court erred: (1) in sentencing defendants to pay an indeterminate amount, but included in the $5,000 for loss of time and of earnings on the part of plaintiff's wife, notwithstanding the fact that the admission of evidence on this particular is not permitted at law because no items of special damages were specifically pleaded as they should be pleaded, and despite the fact that in the record there is no evidence whatsoever enabling the court to fix said damages and (2) in

failing to state a finding of fact with respect to the amount that plaintiff had lost for loss of time and failure to receive income.

Both errors are closely related and we shall dispose of them jointly.

 Although it is true that in the complaint no specific allegation was made as to special damages for loss of time and failure to receive income, the following was alleged in the fourth paragraph:

"That as a result of the injuries suffered, plaintiff's wife *has been forced to stay in bed,* to receive medical attention; *has been prevented from transacting her business;* has suffered intense physical pain and mental anguish; *and will be disabled for any kind of work,* all of which has caused damages to the conjugal partnership constituted by plaintiff and his wife which are fairly and reasonably estimated in the amount of FIFTEEN THOUSAND DOLLARS ($15,000)." (Italics ours.)

Likewise, the court *a quo* set forth the following in its conclusions of law:

"We consider that for the physical and mental suffering sustained by plaintiff's wife, *as well as for the loss of time and impairment of earning capacity,* we must grant as a reasonable compensation, the amount of FIVE THOUSAND DOLLARS ($5,000). . . ." (Italics ours.)

We consider that the allegations contained in the fourth paragraph of the complaint, *supra,* informed the defendants that plaintiff was not making a general allegation of damages for the injuries received by his wife but that he also included therein a claim for damages for the time she lost in her occupations because of her disability to do any kind of work.[1] It is true that said allegations are not a model of perfection and that they could have been more specific, how-

---

[1] The evidence showed that she had a dress shop established in her house which produced an income of $35 to $40 weekly and that due to the accident, she was unable to continue in business as she had to remain in bed for two months.

ever, it is none the less true that defendants could avail themselves of the means provided by the Rules of Civil Procedure to request a more definite statement of the damages alleged, Rule 12(e); to serve interrogatories to the adverse party, Rule 33; to submit plaintiff's wife to a physical examination, Rule 35; and they did not avail themselves of any of these remedies.

Although Rule 9(g) requires that when items of special damages are claimed they shall be specifically stated, that does not imply that an allegation as the one contained in the fourth paragraph, *supra*, may not be considered sufficient when, as in the instant case, defendants did not avail themselves of the means that the Rules provided to secure any additional information which they wished to obtain. 2 Moore's Federal Practice, § 9.08, pp. 1921, 1924; *Brinley v. Lewis*, 27 Fed. Supp. 313; *Schlenker v. Thorne, Neale & Co., Inc.*, 13 Federal Rules Service 12e.231, case 6, p. 130.

■ On the other hand, we have that during the trial and when plaintiff's evidence as to this particular was being introduced, the defendants did not object to its admission on the ground that they now for the first time set forth on appeal. On the contrary, they merely objected to the evidence because it was "speculative." Under these circumstances, it may be considered that defendants waived any error that might have existed in the allegations of the complaint and that it was amended to conform to said evidence. *Stoltz v. Converse*, 172 P. 2d. 78; 15 Am. Jur. 750, § 306; 757, § 315; and Rule 15(b) of Civil Procedure.

■ The first assignment of error was not committed, nor the second, since appellants failed in their duty to move for the reconsideration of the judgment in order that the court *a quo* should have strictly complied with Rule 52(a) by setting forth its findings of facts more specifically. *Santana v. Garcia*, 71 P.R.R. 132, 134, footnote 1.

The judgment appealed from will be affirmed.